ets, and what the agent did, shows that the tickets were sent here with a view to be sold in violation of our laws. 8 Pick. 78, *Williams* v. *Woodman*

No action can be sustained in the courts of this state in favour of the plaintiff, to recover the money which the defendant received in such a transaction. Both parties were engaged in violating the laws, and the law leaves them to adjust the concern between them as they may. 2 Gallison, 560, *Fales* v. *Mayberry.*

It is said that the tickets were sold to the defendant in Vermont, where the sale was lawful. But we see no ground on which it can be held, as the case is stated, that there was a sale to the defendant any where. He was a mere agent to sell and account for what he sold at a certain price.

*Judgment for the defendant.*

---

## The State *versus* Daniel Sawyer.

In process of forcible entry and detainer, where the warrant was made returnable on the same day when it issued, it was held to be irregular.

And if in the service of the warrant, in such a case, the body of the respondent be not arrested four days before the day of trial, a copy of the warrant must be left at the usual place of abode of the respondent four days before trial, otherwise the service will be adjudged irregular.

A MOTION was made in this case on behalf of Sawyer for a certiorari, to bring up the record of certain proceedings had against him before two magistrates, upon a complaint of forcible entry and detainer, made by W. C. Thompson. It appeared that Thompson, on the 20th April, 1830, made a complaint of forcible entry and detainer to the magistrates against, Sawyer, and that thereupon the magistrates issued a warrant in the form prescribed by the statute, commanding the sheriff to apprehend Sawyer and have him before the magistrates on the said twenty-ninth day of April, at two of the clock in the

afternoon; that Sawyer was arrested and brought before the magistrates at the time appointed; that he moved the magistrates to quash the process because made returnable on the day when it issued; and that this motion was overruled. The cause was continued to the next day, when it was tried by a jury, who returned a verdict against Sawyer, and thereupon judgment was rendered that the said Thompson have restitution of the premises, and recover of the said Sawyer the costs of the prosecution taxed at $17,72, and that Sawyer pay a fine of fifty cents for the use of the county.

*Webster* and *Bell*, in support of the motion.

*L. Woodbury* and *Bliss*, on the other side.

*By the Court.* We are of opinion, that the certiorari must issue in this case. The proceedings of the magistrates were not warranted by the statute.

It is enacted in the third section of the statute "that if the sheriff, &c. cannot find the party against whom the said warrant issued, he may, four days before the time appointed for returning the same, leave an attested copy of said warrant at the usual place of the abode of such person, and if at the return of his warrant he shall not have been able to find or apprehend the person against whom the said warrant issued, he shall make return of such facts, and that he hath so left an attested copy, and when the same was done."

And the form of the warrant, prescribed by the statute, hath this clause—" but if the said C. D. is not to be found within your precinct, you are required to leave an attested copy of this warrant at the usual place of abode of said C. D. four days, at least, before said day."

It is therefore very manifest that the intention of the legislature was, that in case the person against whom the warrant issued, was not arrested more than four days before the day of trial, a copy of the warrant should be left at his usual place of abode, and that in all cases he should have notice of the trial, at least four days before the time appointed.

The State
*v.*
Sawyer.

If the arrest be not made at least four days, before the day of trial, a copy must in all cases be left. And a return of an arrest will not be deemed a good service of warrant unless it be also returned either that the arrest was made four days before the day appointed for the trial, or that a copy was left the like number of days before that day.

In this case, neither the warrant, nor the service of the warrant, was legal, and the certiorari must be granted.

---

## JOHN S. WRIGHT *versus* EDWARD BOSWORTH, TRUSTEE.

In a process of foreign attachment, whenever the plaintiff elects to try the question, whether chargeable or not, by a jury, the trustee is entitled to a specification of the grounds on which the plaintiff will attempt to charge him.

THIS was an action brought against Bosworth as the trustee of John Foord, and the Plaintiff having elected to try the question whether the trustee was chargeable by a jury.

*J. Parker*, for the trustee, moved the court for an order upon the plaintiff to file a specification of the grounds upon which he sought to charge the trustee.

*J. Bell*, for the plaintiff.

*By the Court.* We are of opinion that it will be convenient in practice to establish it as a general rule that whenever a plaintiff elects to put the case of a trustee to a jury, he shall give to the trustee a specification stating the ground on which he expects to charge the trustee. The motion of the trustee in this case must prevail.